**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRESCO, INC., a New Mexico corporation,

    Plaintiff,

vs.                                                                   No. CIV 10-0390 JB/GBW

CONTINENTAL CASUALTY COMPANY,
AND NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand to State Court and Supporting Memorandum, filed May 7, 2010 (Doc. 6). The primary issue is whether a defendant, who does not file the notice of removal, must indicate his consent by signing the notice of removal or by filing a separate document indicating consent within 30 days of the date that the defendant was served. Because the Court concludes that the statute does not require such action, and because the United States Court of Appeals for the Tenth Circuit has not extended its unanimity requirement to require such conduct, the Court will not require such formality and will thus deny the motion to remand.

**PROCEDURAL BACKGROUND**

The procedural facts are not in dispute. The New Mexico Superintendent of Insurance accepted service of process of Plaintiff Tresco, Inc.'s Complaint for Declaratory Judgment and Breach of Contract on behalf of Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") on March 22, 2010. See Letter from Morris J. Chavez to National Union (dated March 22, 2010) at 30, filed April 21, 2010 (Doc. 1-1). On April 21, 2010, National

Union filed a Notice of Removal and removed the case from the Third Judicial District, County of Doña Ana, New Mexico to federal court. See Notice of Removal, filed April 21, 2010 (Doc. 1). The Notice of Removal states that, according to the state-court docket, Defendant Continental Casualty Company's ("CNA") statutory agent, the New Mexico Superintendent of Insurance accepted service of process on behalf of CNA. See Notice of Removal ¶ 15, at 3.[1] Tresco, in its motion, represents that CNA received service of the Summons and Complaint on March 31, 2010. Tresco, therefore, filed its motion to remand more than thirty days after CNA was properly served in this matter.

In its Notice of Removal, National Union represented that the law firm of Allen Shepherd Lewis Syra & Chapman, PA would represent CNA. See Notice of Removal ¶ 15, at 3. The Notice of Removal states that National Union conferred with CNA's counsel, and obtained CNA's consent to removal. See id. Thus, National Union obtained unanimity and confirmed unanimity with the Court. National Union filed the Notice of Removal within thirty days of its having been served.

Tresco moves the Court, pursuant to 28 U.S.C. § 1447(c), to remand the case to the state court from which it was removed. See Motion at 1. At the time Tresco filed its motion to remand, on May 7, 2010, CNA's counsel had not filed with the Court any pleading, which CNA's counsel

---

[1] Tresco, in its motion, represents that an Acceptance of Service is on file with the Court establishing that the Superintendent of Insurance accepted service of process on CNA's behalf on March 24, 2010 and that CNA received such papers on March 31, 2010. The Court acknowledges that an Acceptance of Service for service of process accepted on National Union's behalf is on file with the Court, see Doc. 1-1 at 30, filed April 21, 2010, however, no such document pertaining to CNA has been filed with the Court. National Union, however, does not dispute Tresco's representation in its Response and CNA adopted National Union's Response as its own. The Court, therefore, accepts Tresco's representation that CNA received service of the Summons and Complaint on March 31, 2010.

had signed, that joined in or consented to the Notice of Removal.[2]  Tresco argues that, because CNA did not independently file notice of its consent to removal within thirty days of when it was served, the Court should remand the case to state court.  See Motion at 3.

CNA filed its Answer to Complaint for Declaratory Judgment and Breach of Contract on May 10, 2010.  See Doc. 7.  On May 17, 2010, National Union filed its Response to Motion to Remand to State Court and Supporting Memorandum.  See Doc. 9.  National Union argues that the Court should deny Tresco's motion to remand this matter to state court or, in the alternative, give the Defendants leave to file an Amended Notice of Removal on both Defendants' behalf, signed by counsel for each Defendant.  See Response at 3.  National Union contends that the United States Court of Appeals for the Tenth Circuit does not require each defendant to file an independent notice of consent and argues that there is no dispute that CNA consented to removal, which was clearly reflected in National Union's notice of removal.  See Response at 2-3.  CNA joined National Union's response, adopting in full as its own all of the arguments that National Union submitted, and requesting that the case not be remanded to state court.  See Continental Casualty Company's Joinder in National Union Fire Insurance Company of Pittsburgh, Pa.'s Response to Motion to Remand to State Court and Supporting Memorandum, filed May 17, 2010 (Doc. 10).

In reply, Tresco argues that a notice of removal is not effective unless each defendant affirmatively files a pleading with the Court joining in and consenting to the removal within thirty days of service.  See Reply Memorandum in Support of Plaintiff's Motion to Remand at 1,

---

[2] CNA has still not filed such a document.  In its Joinder in National Union's response, which CNA's counsel signed, it "respectfully requests that this case not be remanded to state court." Continental Casualty Company's Joinder in National Union Fire Insurance Company of Pittsburgh, PA.'s Response to Motion to Remand to State Court and Supporting Memorandum at 1, filed May 17, 2010 (Doc. 10).  It does not represent that CNA joins in the Notice of Removal.

filed May 20, 2010 (Doc. 11).  Tresco argues that the removal statute must be construed narrowly and  continues to request that the Court grant its motion to remand.  See Reply at 3.

## RELEVANT LAW REGARDING REMOVAL

The right to removal is a statutory right, and the removing defendant must carefully follow all statutory requirements.  See Bonadeo v. Lujan, No. CIV 08-0812, 2009 U.S. Dist. LEXIS 45672, at *9-10 (D.N.M. Apr. 30, 2009)(Browning, J.); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos. J.)("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").  Section 1446 of Title 28 of the United States Code, which controls the procedure for removal of a state action to federal court, states:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  The defendant must file the notice of removal within thirty days after being served.  See 28 U.S.C. § 1446(b).  "[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975), cert. denied, Walker v. California, 423 U.S. 849 (1975).  See Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.")(internal citations omitted).

The removing defendant bears the burden of establishing that removal is proper.  See McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008)("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'");

Bonadeo v. Lujan, 2009 U.S. Dist. LEXIS 45672, at *10 ("As the removing party, the defendant bears the burden of proving 'all jurisdictional facts and of establishing a right to removal.'")(citing Chavez v. Kincaid, 15 F. Supp. 2d at 1119). The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2005). See Bonadeo v. Lujan, 2009 U.S. Dist. LEXIS 45672, at *11 ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."); Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991)("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly . . . ."); Bryan v. Am. W. Airlines, 405 F. Supp. 2d 218, 220 (E.D.N.Y. 2005)("Principles of federalism[3] and judicial efficiency require that, where, as here, the removal of a state court action is premised solely on diversity between the parties, the courts construe the removal statute narrowly, resolving any doubts against removability.").

### 1. **Joinder of Parties.**

The removal statute speaks generally to the manner of removal. It does not explicitly require

---

[3] The Court need not decide in this opinion and order whether principles of federalism are implicated with a notice of removal in a case based on diversity of citizenship. The Constitution provides for jurisdiction based on diversity of citizenship, and Congress has statutorily given that jurisdiction to the federal courts. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 215 (5th Cir. 1998)(en banc)(stating that Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.")(quoting Kline v. Burke Constr. Co., 260 U.S. 226, 234 (1922)). The Court has questions how much federalism is truly involved in 2010, given that the thirteen original states gave up exclusive jurisdiction over citizens of other states when they ratified the original Constitution. See Younger v. Harris, 401 U.S. 37, 44 (1971)("The concept [of federalism] does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses.").

that all defendants who have been served in a multi-defendant case must join in the notice of removal.  See McEntire v. Kmart Corp., No. CIV 09-0567, 2010 U.S. Dist. LEXIS 13373, at *12 (D.N.M. Feb. 9, 2010)(Browning, J.).  The Tenth Circuit has stated, however, that the general removal rule "require[s] all defendants to join in the removal petition."  Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998).  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)("A co-defendant, Interstate Book Company, did not join in the petition for removal and the petition was thus procedurally defective."); McEntire v. Kmart Corp., 2010 U.S. Dist. LEXIS 13373, at *12 ("A notice of removal fails if this procedural requirement is not met."); Bonadeo v. Lujan, 2009 U.S. Dist. LEXIS 45672, at *13 ("Although the procedure for a notice of removal set out in 28 U.S.C. § 1446(b) is couched in terms of a single defendant, courts have held that all defendants must join a removal petition or removal will be defective.")(citing Cornwall v. Robinson, 654 F.2d at 686). This requirement, that all defendants served at the time of filing must join in the notice of removal, is generally referred to as the unanimity rule.  See McEntire v. Kmart Corp., 2010 U.S. Dist. LEXIS 13373, at *12.  Remand is required if all of the defendants fail to consent to the petition for removal within thirty days of being served.  See Bonadeo v. Lujan, 2009 U.S. Dist. LEXIS 45672, at *15 (citation omitted).

The Tenth Circuit, however, has not stated what is necessary to satisfy the requirement that all defendants "join in the removal petition."  Akin v. Ashland Chem. Co., 156 F.3d at 1034. See Roybal v. City of Albuquerque, No. CIV 08-181, 2008 U.S. Dist. LEXIS 108749, at *13 (D.N.M. Sept. 24, 2008)(Browning, J.)("There is apparently no opinion from the Tenth Circuit that requires more than the representation of consent in the notice of removal.").  "[T]he circuits are split as to exactly what form a co-defendant's joinder must take."  16 J. Moore & G. Vairo, Moore's Federal Practice § 107.11[1][c], at 107-38 (3d ed. 2010).  Most courts have declined to require all

-6-

defendants to sign the notice of removal.  See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)("While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal."); McEntire v. Kmart Corp., 2010 U.S. Dist. LEXIS 13373, at *12 ("Most, if not all, courts have declined to require all defendants to sign the same notice of removal.")(citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997); Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995)).

The United States Courts of Appeals for the Fifth, Seventh, and Eighth Circuits, and some district courts, have held that each co-defendant must either sign the removal petition or submit a timely notice of consent in writing.  See Pritchett v. Cottrell, Inc., 512 F.3d at 1062 ("There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal.")(internal quotations omitted); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing, which the other defendants here did not."); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d at 1262 n.11 (stating that the rule requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"); Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008)(Johnson, J.)(stating that "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period," and holding that "formal consent to removal by all defendants is required."); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996); Jarvis v. FHP of Utah, Inc., 874 F. Supp. at 1254-55.  "Under this 'independent and unambiguous' rule, it is insufficient for the removing defendant, in its notice of

removal, to represent that all other defendants consent to removal." Roybal v. City of Albuquerque, 2008 U.S. Dist. LEXIS 108749, at *12 (citing McShares, Inc. v. Barry, 979 F. Supp. at 1342-43; Landman v. Borough of Bristol, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995)).[4] Some courts have found that "[o]ne defendant's attempt to speak on behalf of another defendant will not suffice." Landman v. Borough of Bristol, 896 F. Supp. at 409. See Roe v. O'Donohue, 33 F.3d at 301 (holding that a statement in the removal notice that "all other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court" is insufficient); Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437, 440 (S.D.N.Y. 2006)(affidavit from removing defendant's counsel stating that he had obtained co-defendant's consent was insufficient).

The United States Courts of Appeals for the Sixth and Ninth Circuits require only that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224-1225 (9th Cir. 2009) (holding "that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-202 (6th Cir. 2004)(although neither defendant nor his counsel directly expressed concurrence, statement of concurrence in other defendants' notice

---

[4] It is unclear how the courts that require the non-removing defendant to sign the notice of removal or file a separate written consent and joinder create this requirement. Clearly these courts do not find the requirement -- or exception -- in the removal statutes. And, if the requirement is not in the statutes, the courts' ability to create these rules -- and exceptions to its rules -- is questionable. While the procedures these courts require may be good policy, Congress has already set the policy in the plain language of the removal statutes and federal courts should hear these cases if they are removed. A federal court should not decline to hear a case that complies with the plain language of the statutes because of some court-made rule.

of removal satisfied unanimity requirement). The Ninth Circuit noted that, when the Supreme Court announced the unanimity rule as an interpretation of a predecessor removal statute, the Supreme Court said only that "all the defendants must join in the application" for removal, and no federal rule or statute requires a particular manner of joinder. Proctor v. Vishay Intertechnology Inc., 584 F.3d at 1225. The Ninth Circuit reasoned that the possibility of rule 11 sanctions for making false averments and the other defendants' opportunity to object to removal mitigate concerns that one defendant might falsely state the other defendants' consent or that a defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly objecting that he or she had not consented. See 584 F.3d at 1225.

The Sixth Circuit also noted that rule 11 of the Federal Rules of Civil Procedure bound the attorney when she represented to the district court that another defendant, Kelly, consented to the removal. See Harper v. AutoAlliance Int'l, Inc., 392 F.3d at 201. "Nothing in Rule 11, however, required Kelly or his attorney to submit a pleading, written motion, or other paper directly expressing that concurrence or prohibited counsel for the other defendants from making such a representation on Kelly's behalf." 392 F.3d at 201-02. "Had counsel for AutoAlliance, AAI and Childress misrepresented Kelly's concurrence in the removal, no doubt Kelly would have brought this misrepresentation to the court's attention and it would have been within the district court's power to impose appropriate sanctions, including a remand to state court." 392 F.3d at 202.

In Vasquez v. Americano U.S.A., LLC, the plaintiffs filed suit against defendants Americano, Hernandez, Daniel Company, and Dodson in state court. Americano filed its Notice of Removal with the federal court and in its Notice of Removal stated: "Florencio Hernandez, the Daniel Company and Larry Dodson consent to the removal of this action." 536 F. Supp. 2d at 1257. Americano's counsel also represented Hernandez. In a footnote, Judge Johnson stated: "Thus,

Defendant Hernandez is considered properly joined." 536 F. Supp. 2d at 1257 n.2. Judge Johnson first noted that "[t]he parties do not cite and the Court is not aware of any Tenth Circuit or District of New Mexico precedent resolving the issue of whether the representation by one defendant that all other defendants consent to removal is sufficient." 536 F. Supp. 2d at 1257. Judge Johnson then stated the issue: "In other words, must all defendants formally consent in writing to removal from state court in order for removal to be proper?" 536 F. Supp. 2d at 1257. Judge Johnson concluded "that formal consent to removal by all defendants is required." 536 F. Supp. 2d at 1257. Judge Johnson rejected the argument that the unique and collegial nature of federal litigation within the District of New Mexico alleviated the need to further formalize the joinder of defendants during the removal process: "Despite the unique and enchanted nature of federal litigation within the District of New Mexico, the Court finds adherence to the majority approach not only appropriate but also consistent with the well reasoned decision of the clear majority of courts having ruled on this question." 536 F. Supp. 2d at 1259. Under the unanimity rule as Judge Johnson interpreted it in Vasquez v. Americano U.S.A., LLC, "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." 536 F. Supp. 2d at 1258. According to Judge Johnson, it is "insufficient for the remaining defendant, in its notice of removal, to represent that all other defendants consent to removal." 536 F. Supp. 2d at 1258. "Defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal." 536 F. Supp. 2d at 1258. At footnote 2 of his opinion, however, Judge Johnson noted an exception from his independent-and-unambiguous rule, noting that, because Americano's counsel also represented Hernandez, he was "considered properly joined" in the removal. 536 F. Supp. 2d at 1257 n.2.

In Roybal v. City of Albuquerque, the Court discussed Judge Johnson's holding in Vasquez

v. Americano U.S.A., LLC, and found that "[t]here are at least four reasons that support construing Vasquez v. Americano U.S.A., LLC to not require separate consents from each defendant."  2008 U.S. Dist. LEXIS 108749, at *21.  First, Congress does not require separate consents, and the Court was "reluctant to impose requirements that Congress did not mandate."  2008 U.S. Dist. LEXIS 108749, at *21.  "Second, federal courts often rely on the representations of counsel about other parties."  2008 U.S. Dist. LEXIS 108749, at *21.  The Court noted that "parties frequently submit unopposed motions, stating that the other parties do not oppose.  Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations."  2008 U.S. Dist. LEXIS 108749, at *21  "Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal."  2008 U.S. Dist. LEXIS 108749, at *22.  "Third, while the federal courts strictly construe the removal statutes and there is a presumption against removal, the Court should not use these rules of construction to manufacture rules that Congress did not require, that are not necessary to enforce the statutes, and are contrary to normal federal practice."  2008 U.S. Dist. LEXIS 108749, at *22.

> Fourth, while "the unique and collegial nature of federal litigation within the District of New Mexico" may not justify creating a separate rule for New Mexico, or fashioning a rule that may not address the situation in other district courts, the "independent and unambiguous" rule, construed as requiring separate consents, seems to be a drastic remedy for a situation that does not appear to be a problem, particularly in the context of this case.  The cases adopting the "independent and unambiguous" rule should show the need to further formalize the joinder of defendants during the removal process, and what problem or problems the rule is designed to alleviate.  For the most part, the perceived problem remains ephemeral.

2008 U.S. Dist. LEXIS 108749, at *23.  "Courts are concerned that without some clear sign of who has consented to removal, some parties might not be bound by the notice." 2008 U.S. Dist. LEXIS 108749, at *22.  "But this concern is significantly reduced when counsel makes a written representation under rule 11."  2008 U.S. Dist. LEXIS 108749, at *22.

### 2.     **Amendment of the Notice of Removal.**

In Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996), the Supreme Court held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court. See 519 U.S. at 70-78. Relying on Caterpillar, Inc. v. Lewis, the Ninth Circuit in Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998), held that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." 146 F.3d at 703. In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998) (Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit noticed on appeal defects in the notice of removal, which, in addition to not including all defendants, it failed to properly allege diversity of citizenship. See 150 F.3d at 653 ("But no one paid any attention to the requirement that all defendants (or none) join a notice of removal . . . .  As it happens, no one paid attention to subject-matter jurisdiction either."). The Seventh Circuit permitted the defective notice of removal to be amended on appeal to properly establish subject-matter jurisdiction. See 150 F.3d at 653-54. In addition to not including all defendants, the notice of removal failed to properly allege diversity of citizenship.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal. See Jenkins v. MTGLQ Investors, 218 Fed. Appx. 719, 723 (10th Cir. 2007)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. 96-3053, 96-3078, 1997 U.S. App. LEXIS 36294, at *2 (10th Cir. May 22, 1997)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the

time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present."). The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations, like failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968). In McEntire v. Kmart Corp., when faced with insufficient allegations in the notice of removal -- allegations of "residence" not "citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the "formalistic technical requirements." 2010 U.S. Dist. LEXIS 13373, at *22, *27 (citing Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968)).

In contrast, some district courts have found that the law does not authorize amendment to the notice of removal if sought more than thirty days after the defendants were served. See Daniel v. Anderson County Emergency & Rescue Squad, 469 F. Supp. 2d 494, 496-497 (E.D. Tenn. 2007) ("Anderson and ACERS did not join in the removal petition within the allowed time, nor did they provide timely written consent, and Claxton cannot roll back the clock by attempting to amend its petition after the fact."); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). In Bellone v. Roxbury Homes, Inc., the United States District Court for the Western District of Virginia stated:

> The view that removal statutes should be strictly construed is so well ingrained,

> moreover, that amendment of removal petitions after the deadlines prescribed by the relevant statutes have passed is limited to those instances involving only minor technical corrections as opposed to substantive revisions. In sum, the practice that has been adopted by federal courts is that any doubts regarding compliance with removal provisions must be resolved in favor of remanding the case to state court.

748 F. Supp. at 436 (citations omitted). In Barnhill v. Insurance Company of North America, 130 F.R.D. 46 (S.D.C. 1990), the plaintiff moved to remand the case because the notice of removal failed to allege the state in which the removing corporate defendant had its principal place of business or place of incorporation. See 130 F.R.D. at 47. The defendant requested leave to amend its notice of removal. The United States District Court for the District of South Carolina found that courts should apply a "very restrictive view of amendment" and should consider policy considerations, including: (i) preventing federal court infringement upon the rightful independence and sovereignty of state courts; (ii) ensuring that judgments obtained in a federal forum are not vacated on appeal because of improvident removal[5]; (iii) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote[6]; (iv) permitting amendment past the thirty-day time limit would eviscerate the specific time provision enacted by Congress; (v) state court hostility toward non-resident defendants has been significantly reduced since diversity jurisdiction was created.[7] See 130 F.R.D. at 50-51

---

[5] This possible problem would appear to exist in every federal case, particularly where jurisdiction is questioned. But district courts often have to make difficult decisions. The district courts are not free to limit federal jurisdiction to avoid error.

[6] Reducing uncertainty is not a sound reason to restrict Congressionally given jurisdiction. Courts cannot shirk their "the virtually unflagging obligation . . . to exercise the jurisdiction given them," Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), by the simple expedient of judicially restricting Congress' grants of jurisdiction. The federal courts should remain fully open to the litigants that the Constitution and Congress have allowed to litigate there.

[7] The Court is not convinced that this conclusion is universally shared by litigants, particularly by non-residents and their often out-of-state counsel. Also, plaintiffs often fight hard

(citations omitted).  The court rejected the defendant's request for leave to amend.  Even considering such policies, the Tenth Circuit and other courts have not adopted such a hostility to amendments. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653.")(quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979)); Jenkins v. MTGLQ Investors, 218 Fed. Appx. at 723 (granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); McMahon v. Bunn-o-Matic Corp., 150 F.3d at 651; Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d at 832 ("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").

## ANALYSIS

There is no dispute that CNA consented to the removal.  See Notice of Removal ¶ 15, at 3; CNA Joinder at 1.  CNA, through counsel, consented to and joined in the Notice of Removal, and there is no contention that National Union made a misrepresentation in the Notice of Removal.  The Notice of Removal is not ambiguous and clearly reflects that both Defendants consented to the removal.  The issue is whether that consent has to be reflected or expressed in two particular ways: (i) by CNA signing the notice of removal; and/or (ii) by CNA filing a separate written consent and joinder signed by it or its counsel within thirty days of when it was served.

---

to stay out of federal court, suggesting that they think they have some advantage in their home-state courts.  Whether defendants currently prefer federal courts because they fear the judge or jury in the state courts will be prejudiced against them, or because they believe federal judges are more likely to be defense-oriented or to grant dispositive motions, the fact remains that the Constitution authorizes federal jurisdiction over diversity cases and Congress has bestowed that jurisdiction on the district courts.

### I.    THE STATUTE DOES NOT REQUIRE CNA TO SIGN THE NOTICE OF REMOVAL OR TO FILE A SEPARATE PLEADING TO INDICATE ITS CONSENT.

It is not the case here that CNA's counsel also represents National Union. It is probably the case that National Union's counsel cannot represent CNA or vice versa, because it is in the best interest of each insurance company to spread any potential liability for defense and indemnity costs among as many insurance companies as possible. See Answer of Defendant National Union Fire Insurance Company of Pittsburgh, PA to Breach of Complaint for Declaratory Judgment and Breach of Contract, Sixth Defense at 5, filed April 27, 2010 (Doc. 5)("The Plaintiff's claims as to National Union are barred based upon the availability and applicability of other insurance."). Thus, the issue is whether one defense attorney can represent, under rule 11, that another defendant that the attorney does not represent consents to the transfer. Specifically, the issue is whether CNA can express its consent to removal only by either signing the notice of removal or by filing a separate document stating its consent or joinder, or if National Union's representation is sufficient.

Tresco maintains that, at an absolute minimum, the fact that "the overwhelming weight of authority" requires remand creates substantial doubt regarding the Defendants' ability to remove this case to federal court. See Reply at 3. Tresco contends, therefore, that the principle that the removal statutes must be construed narrowly, with any doubts being resolved against removability, dictates that the Court must remand the case to state court. The Defendants ask the Court to not follow the authority which holds that each defendant must either sign the removal petition or submit a timely notice of consent in writing, and to deny Tresco's motion to remand.

That separate counsel represent CNA and National Union should not mean that CNA must file an independent notice of consent. The "rule of unanimity," which the Supreme Court announced in Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248 (1900), as

an interpretation of a predecessor removal statute, says only that "all the defendants must join in the application" for removal. 178 U.S. at 248. The Tenth Circuit has used the same language when discussing the requirements for removal. See Akin v. Ashland Chem. Co., 156 F.3d at 1034 (stating that the general removal rule "require[s] all defendants to join in the removal petition."); Cornwall v. Robinson, 654 F.2d at 686 ("A co-defendant, Interstate Book Company, did not join in the petition for removal and the petition was thus procedurally defective."). As the Ninth Circuit noted in Proctor v. Vishay Intertechnology Inc., there is no federal rule or statute requiring a particular manner of joinder or requiring separate written consent from each defendant. See 584 F.3d at 1225. As noted in the Court's holding in Roybal v. City of Albuquerque, a separate notice of consent to removal would be a judicially imposed "special requirement" that Congress has not mandated. 2008 U.S. Dist. LEXIS 108749, at *1. The Court will not create such "special requirement" in this case.

Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action" must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Rule 11, in turn, provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record," Fed. R. Civ. P. 11(a), and that "[b]y presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney . . . certifies that . . . the factual contentions [therein] have evidentiary support . . . ," Fed. R. Civ. P. 11(b). Nothing in rule 11 prohibits counsel for one defendant from making representations on behalf of another defendant, or that defendant's counsel. See Harper v. AutoAlliance Int'l, Inc., 392 F.3d at 201-02 ("Nothing in Rule 11, however, required Kelly or his attorney to submit a pleading, written motion, or other paper directly expressing that concurrence or prohibited counsel for the other defendants from making such a representation on Kelly's

behalf."); Proctor v. Vishay Intertechnology Inc., 584 F.3d at 1225 (reasoning that the possibility of rule 11 sanctions for making false averments mitigate the concern that one defendant might falsely state the other defendants' consent); Roybal v. City of Albuquerque, 2008 U.S. Dist. LEXIS 108749, at *21 ("Federal courts often rely on the representations of counsel about other parties.").

While not requiring each Defendant to either sign the removal petition or independently submit a timely notice of consent in writing may be contrary to the weight of authority on this subject, it does not run counter to the principles that: (i) removal statutes be strictly construed, with all doubts being resolved against removal, or with the requirements for notice of removal; (ii) any necessary joinder, or consent thereto, be timely filed within thirty days after service; and (iii) that the joinder or consent be strictly construed. The statute is not ambiguous; it is silent. It neither requires nor precludes the rule that Tresco requests. Hence, there is no doubt about what the statute requires. Strictly construing the plain language of the removal statute, and in the face of no Tenth Circuit law to the contrary, the Court concludes that the filing of a notice of removal can be effective without individual consent documents on behalf of each Defendant. Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants. National Union's timely removal notice containing an averment of CNA's consent to removal, signed by an attorney of record, is sufficient.

Tresco does not cite any Supreme Court or Tenth Circuit authority that the notice of removal is strictly construed; again, the statute is strictly construed and not the notice. In any case, Tresco does not explain what is in doubt. There is no dispute that CNA consented. Tresco does not explain what should be strictly construed or what doubt should be resolved in its favor; rather, Tresco wants

the Court to see some doubt or ambiguity where there is none, and there is nothing to construe strictly because there is no factual dispute that CNA consented -- and still consents -- to removal.

In conclusion, a separate consent by CNA is not required to effect removal. In line with the Court's decision in Roybal v. City of Albuquerque, that CNA's counsel did not physically sign a duplicate of the Notice of Removal should not make CNA's consent, relayed through National Union's counsel, an officer of the court, any less effective than if CNA's counsel had personally signed an independent Notice of Removal. National Union and CNA met the statute's procedural requirements and have indicated, through counsel for National Union, their consent to the removal. There should be no additional requirements. Accordingly, the Court will deny Tresco's motion to remand.

## II.     THE COURT NEED NOT ADDRESS NATIONAL UNION'S REQUEST THAT THE COURT ALLOW IT TO AMEND ITS NOTICE OF REMOVAL.

The Defendants argue, in the alternative, that, if the Court should find that a separate, written document was required from CNA to confirm its consent to the removal, the Court should allow the Defendants to file an Amended Notice of Removal which CNA would belatedly join. Tresco maintains that, because the time for removal has passed, the Court should not allow the Defendants leave to amend National Union's notice of removal. Because the Court determines that CNA did not need to sign the Notice of Removal or file a separate pleading indicating CNA's consent or joinder to effectively consent, the Court need not decide whether, if National Union files an Amended Notice of Removal, such an amendment would cure any problem with CNA's consent or joinder. There is no problem to cure. The Court thus need not grant National Union and CNA leave to amend.

In conclusion, National Union and CNA fully complied with the removal statute and timely

removed the case to federal court.  See 28 U.S.C. § 1446.  There is no sound basis for remand.  The Court will deny Tresco's motion to remand to state court.

      **IT IS ORDERED** that the Plaintiff's Motion to Remand to State Court is denied.

                                                              _____
                                                                 UNITED STATES DISTRICT JUDGE

*Counsel:*

Floyd D. Wilson
Myers, Oliver & Price, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Donna Chapman
Randi N. Johnson
Allen Shepherd Lewis Syra & Chapman, PA
Albuquerque, New Mexico

      *Attorneys for Defendant Continental Casualty Company*

R. Nelson Franse
Brian P. Brack
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant National Union Fire*
         *Insurance Company of Pittsburgh, Pennsylvania*